

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TRACY K. and GALEN D. BARKER, | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO.1:07cv294 (TH) |
| HALLIBURTON COMPANY, et al. | § § | |
| *Defendants.* | § § § | |

## MEMORANDUM AND ORDER GRANTING
## DEFENDANTS KBR, HALLIBURTON, AND SEII's
## MOTION TO TRANSFER FOR IMPROPER VENUE, OR
## IN THE ALTERNATIVE, TRANSFER UNDER 28 U.S.C. § 1404.

On this day, the Court considered Defendants KBR, Halliburton, and SEII's *Motion to Dismiss or Transfer for Improper Venue, or In the Alternative, Transfer in the Interests of Justice and for the Parties' Convenience* [Docs. Nos. 17, 18]. Having considered the motions, the responsive pleadings, and the applicable law, this Court is of the opinion that venue is improper in the Eastern District of Texas, the motion should be **GRANTED IN PART**, and this case should be **TRANSFERRED** to the Houston Division of the Southern District of Texas. In the alternative, the convenience of the parties and witnesses and the interests of justice support the transfer of this matter to the Houston Division of the Southern District of Texas.

BACKGROUND

The United States contracts with Kellog Brown & Root (KBR) to provide logistical support

to the United States government abroad, including operations in Iraq. Service Employees International, Inc. (SEII) is a subsidiary of KBR in its operations overseas, and hired Plaintiff Tracy Barker in July 2004 to work as an administrative assistant in Iraq. While working in the Green Zone in Baghdad, Iraq, Barker claims she was subjected to threats of abuse, belittlement, and retaliation for complaints she lodged regarding the conduct of her colleagues. She was later transferred to Basra, Iraq, where she claims a State Department employee tried to rape her. She further alleges she was subjected to quid pro quo sexual harassment by her Basra supervisor.

The Barkers filed this action in the Beaumont Division of the Eastern District of Texas asserting negligence claims related to the sexual harassment suffered by Tracy Barker in Iraq, sexual harassment and retaliation claims in violation of Title VII arising from events in Iraq, breach of contract claims based on an agreement made between Tracy Barker and SEII in Houston, Texas, and fraudulent inducement during the recruitment process Tracy participated in Houston before moving to Iraq. In addition to suing the above named defendants, Plaintiffs also assert claims against Ali Mokhtare,[1] and the United States of America. The corporate defendants, Halliburton,[2] KBR,[3] and SEII,[4] now seek to dismiss or transfer this matter for improper venue, or in the alternative, transfer the case to the Houston Division of the Southern District of Texas, in the interests of justice and for the parties' convenience.

---

[1] Defendant Mokhtare is a resident of Virginia.

[2] Halliburton is a Delaware corporation with its principal place of business in Houston, Texas.

[3] Likewise, KBR is incorporated in Delaware and has its principal office in Houston.

[4] SEII is a Cayman Islands company and its principal place of business is in Dubai, United Arab Emirates.

STANDARD OF REVIEW AND DISCUSSION

*1.     Improper Venue*

The Federal Rules of Civil Procedure provide that an action may be dismissed for improper venue. FED. R. CIV. P. 12(b)(3). On a Rule 12(b)(3) motion to dismiss for improper venue, the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *McCaskey v. Continental Airlines, Inc.*, 133 F.Supp.2d 514, 523 (S.D. Tex. 2001). "Once a defendant raises the issue of proper venue by motion, the burden of proof is placed upon the plaintiff to sustain venue." *Id*. If venue is improper, the Court has the discretion to dismiss the action, or, in the interest of justice, transfer the case to a any district or division in which it could have been brought. *See, generally,* 28 U.S.C. § 1406.

Defendants argue that 28 U.S.C. § 1391 does not support the Eastern District of Texas as a proper venue to litigate this matter. Because jurisdiction rests upon interpreting federal law, and not only diversity of citizenship, this case is properly brought (1) in a judicial district where any defendant resides, if all defendants reside in the same State, (2) any judicial district which hosted a substantial part of the events or omissions giving rise to the claim, or (3) if the first two situations do not apply, any district in which the action may otherwise be brought. 28 U.S.C § 1391(b).

The corporate defendants, for venue purposes, reside in Texas. Defendant Ali Mokhtare is a Virginia resident, thereby rendering 1391(b)(1) inapplicable. Plaintiffs' Complaint does not allege that any events or omissions giving rise to their claims took place in the Eastern District of Texas. However, the Complaint does make clear that whatever events or omissions supporting their claims that did not occur in Iraq, did in fact take place in the Southern District of Texas. The contract that the Barkers claim was breached was entered into in Houston. A significant part of the alleged

3

fraudulent inducement occurred during Tracy Barker's employee orientation in Houston. Venue in the Southern District of Texas is thus conferred by 28. U.S.C. 1391(b)(2). While 1391(b)(2) does not support venue in the Eastern District of Texas, it does support venue in the Southern District, and because 1391(b)(2) identifies the Southern District of Texas as an appropriate venue, the catchall provision found in 1391(b)(3) will not operate.

In addition to the general venue rules, the special venue provisions of Title VII allow this action to have been "brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found withing any such district, such an action may be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3).

Plaintiffs argue that venue is proper under the first prong of Title VII's special venue provisions. However, the unlawful employment practices giving rise to Plaintiffs' Title VII claims consist of "during her employment in Iraq, Tracy was subject to and the target of sexual harassment by employees, agents and/or ostensible agents or employees of" the defendants, as well as a retaliation claim in connection with the sexual harassment. *See Complaint* [Doc. No. 1] at 16-18. Because all of the unlawful employment practices under Title VII are alleged to have taken place in Iraq, and not in Texas, the state-wide venue provision of Title VII does not apply. Therefore, Title VII venue must lay in the either district in which the employment records relevant to the alleged practice are maintained and administered, or, failing the existence of such records, the catchall provision identifying the judicial district in which the respondent has his principal office.

Either way, in this case the Southern District of Texas satisfies Title VII's venue requirements. The Eastern District does not.

## 2. Transfer for Convenience and Justice

Despite deciding that venue for this matter is improper in the Eastern District of Texas, in an abundance of caution, the Court will address why, regardless of propriety of venue in this district, the convenience of parties and the interests of justice mandate the transfer of this case to the Houston Division of Southern District of Texas.

Section 1404(a) of Title 28 was adopted as part of the Judicial Code of 1948. It provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *See* 28 U.S.C. 1404(a). Prior to the enactment of 1404(a), it had been held that a federal court might dismiss an action brought in a proper, but inconvenient, district under the doctrine of forum non conveniens. Section 1404(a) altered the framework by allowing transfer of an action from a district and division in which venue had been properly laid to some other, more convenient, district and division. 15 Fed. Prac. & Proc. Juris.2d § 3841(WRIGHT & MILLER TREATISE) *Federal Practice & Procedure Jurisdiction And Related Matters*. 28 U.S.C. § 1404 is unambiguous, direct, clear, and by language used embraces within its scope all civil actions. *Hayes v Chicago, R. I. & P. R. Co.*, 79 F.Supp. 821 (W.D. Minn. 1948).

Under Section 1404 of Title 28, United States District Courts have the authority to transfer a case from one district to another. It presupposes that the action has been brought in a proper venue but authorizes its transfer to another district, also proper, but more suited to the convenience of witnesses and the needs of justice. (A transfer from an initially improper district is governed by §

5

1406.) Whether an action should be transferred under a Section 1404(a) motion is a decision "committed to the sound discretion of the district court." *United States v. Harrelson*, 754 F.2d 1153, 1159 (5th Cir.), cert. denied, 474 U.S. 1034 (1985); *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D. N.Y. 1991).

In a 1404(a) analysis, the plaintiff is generally entitled to choose the forum. Plaintiff's choice of forum should be "highly esteemed." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1980). The movant has the burden of demonstrating why venue should be changed. *Bounty-Full Entertainment Group*, 923 F.Supp. 950 (S.D. Tex. 1996). Plaintiff's choice of forum should rarely be disturbed unless the balance of convenience is strongly in favor of the defendant. *Keller*, 838 F.Supp. 1163 at 1163. However, in and of itself, the plaintiff's choice is a factor that is neither conclusive nor determinative. *In Re: Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003).

Under Section 1404, the burden is on the movant to show that the balance of convenience and justice *substantially* weighs in favor of transfer. *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex. 2002) (emphasis added). Movant must support its motion to transfer with affidavits, declarations, exhibits, or other evidence relevant to the convenience and public interest factors. *See Rutter Group Practice Guide: Federal Civil Procedure Before Trial* § 4:789 (5th Cir. Ed. 2006); *see also Golden First Mortgage Corp. v. Berger*, 251 F.Supp.2d 1132, 1142 (E.D. N.Y. 2003); *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 775 (E.D. Tex. 2000).

The initial step when undertaking a 1404(a) analysis is to determine whether the destination forum is one in which the plaintiff might have originally brought the action. *In re Volkswagen AG*, 317 F.3d 201, 203 (5th Cir. 2004). The Barkers could have properly filed this action in the Southern District of Texas. While many of the events giving rise to the Barkers' claims occurred in Iraq, a

6

substantial part of the events giving rise to the claims occurred in Houston. The contract that the Barkers claim was breached was entered into in Houston. A significant part of the alleged fraudulent inducement occurred during Tracy Barker's employee orientation in Houston. Venue in the Southern District of Texas is supported by 28. U.S.C. 1391(b)(2). Furthermore, Title VII's special venue provisions permit venue in the Southern District of Texas. Employment records for Tracy Barker were maintained in Houston. Additionally, Halliburton and KBR's prinicpal offices are in Houston. The special venue statute continues, "[f]or purposes of section 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3).

In determining whether an action should be transferred, the Court must examine factors relating to the convenience of the litigants and those relating to the public interest in the fair and efficient administration of justice. *Mohamed*, 90 F.Supp.2d at 771 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947)); *Shoemake*, 233 F.Supp.2d 828 (E.D. Tex. 2002).

In this Court's 1404(a) analysis, the Court examined and balanced the (1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice. *Barton v. Young*, 144 F.Supp.2d 685, 688 (E.D. Tex. 2001) (relying upon *International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 115 (5th Cir. 1996)), *Walter Fuller Aircraft Sales v. The Repub. of the Philippines*, 965 F. 2d 1375, 1389 (5th Cir. 1992).

A. Convenience Factors

The convenience factors include: (1) choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses; (5) the accessibility and location of sources of proof; (6) the possibility of delay and prejudice if

transfer is granted. *Robertson v. Kiamichi R. Co.*, 42 F.Supp.2d 651, 655 (E.D. Tex. 1999); *Mohamed*, 90 F.Supp.2d at 771.[5]

The plaintiff's choice of forum generally carries substantial weight in deciding a motion to transfer. See *Schexnider v. McDermott Intern. Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) (noting that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). However, in this case the deference given to the plaintiff's choice of forum is tempered by the fact that the Barkers do not reside in the Eastern District and the incidents giving rise to their claims did not occur in the Eastern District. *See Barton v. Young*, 144 F.Supp.2d 685, 688 (E.D.Tex. 2001) (demonstrating that plaintiff's choice warrants less deference when the plaintiff does not reside in the chosen forum and none of the operative facts occurred in the chosen forum). Consequently, the default "substantial weight" afforded the Barkers' choice of forum is diminished.

While the Barkers chose the Eastern District of Texas, and would thus apparently find the current forum more convenient, Defendants include corporations with principal offices in Houston and an individual who resides in Virginia. In addition, as discussed above, the events and omissions giving rise to these claims occurred in Iraq and in the Southern District of Texas. Thus, the location of the parties and the events giving rise to the claims do not support maintaining this action in the Eastern District of Texas.

---

[5]"Location of counsel" is often included when listing the 1404(a) convenience factors. *Mohamed*, 90 F.Supp.2d at 771. However, the Fifth Circuit has directed the district courts that "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)" and reliance on location of counsel as a relevant factor can amount to reversible error. *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004). "The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). Additionally, movant is represented by two attorneys located in Beaumont as well as two located in New Orleans, thereby rendering this factor, were it to be considered at all, doubly weightless.

"The convenience of witnesses may be considered the most important factor governing the decision to transfer a case." *Gundle Lining Const. Corp. V. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994). In terms of witnesses, venue is generally considered convenient in the district or division where the majority of witnesses are located. *Shoemake*, 233 F.Supp.2d at 382. Of the forty-one relevant witnesses identified by the Barkers, five live in the Houston area and nine reside in the Southern District but are currently in Iraq. The Barkers do not identify which witnesses support keeping this case in the Eastern District of Texas, however Defendants aver to the Court that of all witnesses identified by the Barkers, only one resides in the Eastern District.

However, when determining the strength of this factor, the Court does not merely tally up the witnesses but also considers the nature and quality of their testimony in relation to the issues in the case. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F.Supp.2d 821, 834 (N.D. Ill. 1999). One of the primary issues to be litigated is nature and duration of the alleged hostile work environment which led to sexual harassment and then retaliatory actions. Defendants supply the identities of Tracy Barker's managers and human resource representatives who responded to her complaints. They all permanently reside in the Houston area. Consequently, given the stark contrast between the number of key witnesses residing in Houston and the fact that only one identified witness lives in the Eastern District of Texas, the convenience of witnesses, and the cost of obtaining their testimony, strongly favors transfer from this District.

"Typically, the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage." *Mohamed*, 90 F.Supp.2d 757 at 778. Furthermore, Local Rule CV-26 requires parties to provide "a copy of all documents, data

9

compilations, and tangible things in the possession, custody, or control of the party that are likely to bear significantly on any claim or defense." Local Rule CV-26(b)(1)(B). Under most circumstances, the fact that Defendants argue that many such documents are in Houston, and not in the Eastern District, would barely signify.

However, the Fifth Circuit has cautioned district courts to take into account every aspect of a special venue statutes, such as found in Title VII. "Where relevant employment records are maintained and administered is expressly stated as a venue factor in the special venue state and should be weighed by a District Court in evaluation the 'interest of justice' aspect of the motion to transfer." *In re Horshoe Entertainment*, 337 F.3d at 434. Accordingly, despite the ease with which digital information can be transported, this factor does weigh slightly in favor of transferral to the Southern District.

The final convenience factor addresses the possibility of delay and prejudice if the transfer is granted. This case is in its early stages, and the initial management conference has not yet been conducted. No scheduling order has been entered, and discovery has not formally commenced. However, determining the weight of this factor generally involves comparing the average time from filing to disposition between the transferor and transferee fora. *Shoemake*, 233 F.Supp.2d at 835. Defendants provide the Court with statistics explaining that the average time from filing to disposition in the Southern District of Texas is 9.0 months. Over that same span, the Eastern District of Texas disposed of cases, on average, 10.8 months after they were filed.[6] While these statistics

---

[6]Federal Judicial Caseload Statistics, U.S. District Courts – Median Time Intervals from Filing to Disposition of Civil Cases Terminated, available at http://www.uscourts.gov/caseload2006/contents.html; Table C-5. Of course, the Court notes that the Eastern District of Texas gets cases to trial much more quickly than the Southern District, 14.5 months on average compared to the Southern District's 19.8 months. The statistics for the

10

reflect a period of time over one year ago, a possibility of delay or prejudice is not demonstrated.

B. Public Interest Factors

The public interest factors consist of (1) the administrative difficulties caused by court congestion, (2) the local interest in adjudicating local disputes, (3) the unfairness of burdening citizens in an unrelated forum with jury duty, and (4) the avoidance of unnecessary problems in conflict of laws. *Walter Fuller Aircraft Sales*, 965 F.2d at 1389; *Mohamed*, 90 F.Supp.2d at 771.

As discussed above, the Southern District of Texas disposes of cases slightly quicker than the Eastern District, which supports transferring the case under the first public interest factor. Also, there are no conflicts of laws issues as both courts would be interpreting and applying familiar Federal and Texan law. Accordingly, the fourth public interest factor supports transfer.

"This Court should not burden Eastern District of Texas residents with jury duty to decide cases that have absolutely nothing to do with the Eastern District of Texas." *Mohamed*, 90 F.Supp.2d at 779. While the issues present touch on matters of great national and international concern, they also touch on local matters that occurred in Houston. It would be grossly imprudent to assert that the good people of the Eastern District of Texas have no interest whatsoever in the alleged misconduct of giant multinational corporations, the federal government, and the impact such misconduct in this particular case could have on this nation's foreign policy and international standing. However, after weighing the alleged violations and events, this Court concludes that the residents of the Southern District of Texas have a slightly more elevated interest in adjudicating the present claims. Accordingly, the second and third public interest factors support transfer to the Southern District.

---

12 month period ending March 31, 2006 are the most recent published by the federal judiciary.

Defendants must overcome a heavy burden to demonstrate that transfer of venue is appropriate, and in this case the Defendants carry that burden. "[U]nless the balance is strongly in favor of the defendant, choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. 839. For the reasons discussed in this Order, this Court finds that Defendants have demonstrated that the balance of convenience and justice substantially weighs in favor of transfer to Southern District of Texas, Houston Division.

CONCLUSION

The Court concludes that under both 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) venue is improper in the Eastern District of Texas. In its discretion, however, the Court will not grant Defendants Motion to Dismiss pursuant to Rule 12(b)(3) but rather transfer this case under 28 U.S.C. 1406. Given that a significant number of the likely witnesses reside in the Southern District, many sources of proof are found in the Southern District, and that the domestic alleged wrongs occurred in Houston, the Court finds that the interests of justice require that it transfer the case to the Houston Division of the Southern District of Texas, in which it could have originally been brought. In the alternative, the Court finds that the convenience of the parties and the interests of justice support transferring the case to the Houston Division of the Southern District of Texas.

**IT IS THEREFORE ORDERED** that Defendants KBR, Halliburton, and SEII's *Motion to Dismiss or Transfer for Improper Venue, or In the Alternative, Transfer in the Interests of Justice and for the Parties' Convenience* [Docs. Nos. 17, 18] is **GRANTED IN PART** in that the case will be transferred pursuant to 28 U.S.C. § 1406, or alternatively 28 U.S.C. § 1404, and **DENIED IN PART** in that Defendants' Motion to Dismiss for Improper Venue is **DENIED** in the interests of justice.

12

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the Southern District of Texas, Houston Division.

**SO ORDERED.**

**SIGNED** this the 24 day of **July, 2007.**

_____
Thad Heartfield
United States District Judge

13